ALD-079                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3072
_____

UNITED STATES OF AMERICA

v.

DANIEL TEED,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:18-cr-00036-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 6, 2025
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: February 11, 2025)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Teed appeals pro se from the District Court's order denying his motion for a reduction of his federal sentence. We will summarily affirm the District Court's judgment.

In 2017, Teed pleaded guilty in the Western District of Pennsylvania to conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 1594(c), and the District Court sentenced him to 120 months' incarceration. Teed paid to participate in gang bangs, where he had sex at least three times with a girl that he knew was 16 years old. The District Court ordered Teed to register as a sex offender, and it granted Teed's request to self-report to prison. Instead, Teed fled. After a six-week manhunt, he was arrested in Arizona.

In 2018, Teed pleaded guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and failing to surrender for service of his sentence, in violation of 18 U.S.C. § 3146(a)(2). The same District Judge sentenced him to two concurrent 18-month sentences for those new convictions, to run consecutively to his 120-month sentence. At the time of sentencing, the recommended range under the United States Sentencing Guidelines (USSG) was 18 to 24 months.

Teed did not file a direct appeal. Teed filed three motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). The District Judge who sentenced him in both cases denied all three motions. Teed did not appeal from the denials of those motions.

In July 2024, Teed's court-appointed counsel filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Counsel asserted that under Amendment 821, Teed's criminal history score would be lowered from Category III to Category II,

which would lower his applicable USSG range from 18 to 24 months to 15 to 21 months of incarceration. The Government agreed, but the parties contested whether a reduction of Teed's sentence would be consistent with the sentencing factors enumerated at 18 U.S.C. § 3553(a). The District Court denied the motion, finding that although it was authorized to reduce Teed's sentence by up to three months, a sentence reduction was unwarranted based on the § 3553(a) factors. Teed timely appealed. The Government has filed a timely motion for summary action, and Teed has opposed the motion.

We have jurisdiction under 28 U.S.C. § 1291, and we generally review the District Court's denial of a § 3582(c)(2) motion for abuse of discretion. See United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6.

Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission," but only if "the reduction is consistent with applicable policy statements issued by the Sentencing Commission."   For that reason, a district court proceeding under § 3582(c)(2) must first "follow the Commission's instructions in [applicable policy statement] §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." See Dillon v. United States, 560 U.S. 817, 821 (2010). If a sentence modification is authorized, then the District Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is

3

warranted in whole or in part under the particular circumstances of the case." See id. at 827. Section 3553(a) requires courts to (1) consider, among other factors, the circumstances of the offense and the defendant's history and characteristics, and (2) impose a sentence that sufficiently reflects the offense's seriousness, promotes respect for the law, provides just punishment, deters criminal conduct, protects the public from the defendant's further crimes, and provides the defendant with needed correctional resources.

The parties agree that the District Court correctly determined that a sentence reduction of up to three months was warranted under policy statement §1B1.10 and Amendment 821. However, Teed argues that the District Court did not appropriately weigh all of the § 3553(a) factors before deciding that his 18-month sentence is appropriate.

We find that the District Court did not abuse its discretion in denying Teed's § 3553(a) motion, and we are satisfied that the District Court "has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority." See Chavez-Meza v. United States, 585 U.S. 109, 113 (2007) (quoting Rita v. United States, 551 U.S. 338, 356 (2007), in the context of a § 3582(c)(2) motion). The District Court was not required to provide a detailed analysis of every possibly applicable § 3553(a) factor, particularly where (1) the District Judge asserted in a form (AO-247) order that he "considered" Teed's motion and "the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable," see ECF No. 68; (2) the same District Judge imposed the underlying

4

sentence and has consistently recited similar arguments in denying Teed's three compassionate release motions; and (3) the District Judge imposed a sentence that is within the new, lower USSG range. Cf. Chavez-Meza, 551 U.S. at 113-14, 117-20. Here, the District Court went a step further than the district judge in Chavez-Meza by providing an opinion. The District Court reasonably determined that an 18-month sentence was "an appropriate (additional) amount of time" to punish Teed's "attempt[] to avoid punishment for his original crime." See ECF No. 67 at 6. The District Court emphasized that Teed's cross-country flight and failure to register as a sex offender not only reflected his "inability to accept responsibility for his criminal actions" and "utter lack of respect for the law," but also posed an ongoing danger to the public. See id. at 5-6. It does not follow from the opinion's emphasis on certain § 3553(a) factors that the District Court ignored other factors.

Teed's other arguments are unpersuasive. First, he asserts that "[i]t would be reasonable to assume" that the court would have imposed a 15-month sentence if the bottom of the applicable range was 15 and not 18 months. See C.A. No. 11 at 6. But there is no presumption that a judge will resentence a defendant to a point within the new lower USSG range that is "proportional" to the point chosen in the older USSG range. See Chavez-Meza, 585 U.S. at 116-17.

Second, Teed contends that the District Court ignored evidence of his post-sentence rehabilitation efforts in his seven years of incarceration. The District Court did not expressly address Teed's rehabilitation argument in the opinion denying his § 3582(c)(2) motion. However, the same District Judge considered the same or very similar

5

rehabilitation evidence in rejecting Teed's third motion for compassionate release, reasoning that Teed "may be commended for the numerous education classes he has taken while incarcerated," but his post-conviction rehabilitation efforts did "not negate nor even come close to counterbalancing" the same § 3553(a) factors that the District Judge emphasized in denying Teed's § 3582(c)(2) motion. See ECF No. 59 at 8; Chavez-Meza, 585 U.S. at 118-19 (reasoning that a reviewing court may consider the record as a whole for evidence of the district court's consideration of § 3553(a) factors, because a § 3582(c)(2) motion does not result in a "plenary resentencing proceeding"). To the extent that Teed asserts that he has more recent evidence of rehabilitation beyond what appears in the District Court record, the District Court can hardly be faulted for failing to consider evidence that was never presented to it.[1]

Consequently, there is no substantial question for our review, and we grant the Government's motion to summarily affirm the District Court's decision.

---

[1] Absent exceptional circumstances, we generally would not consider Teed's argument or additional evidence for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013).